STEPHAN C. VOLKER (CSB #63093)
JOSHUA A.H. HARRIS (CSB #226898)
BRIDGET A. ROBERTS (CSB #251941)
LAW OFFICES OF STEPHAN C. VOLKER
436 – 14th Street, Suite 1300
Oakland, CA  94612
TEL: 510/496-0600
FAX: 510/496-1366

Attorneys for Plaintiffs

**10.406**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAlifornians for Renewable Energy, a California non-profit public benefit corporation representing California consumers, and its counsel, Stephan C. Volker,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>California Public Utilities Commission,<br><br>　　　　Defendant.<br>_____ | Civ. No. C08-01954-JL<br><br>**PLAINTIFFS' REQUEST TO VACATE HEARING ON DEFENDANTS' MOTION TO DISMISS AS MOOTED BY FIRST AMENDED COMPLAINT**<br><br>**AND**<br><br>**SUPPORTING DECLARATION OF COUNSEL**<br><br>Hearing:　August 13, 2008<br>Time:　　9:30 a.m.<br><br>Judge:　　Hon. James J. Larson, Magistrate-Judge |

## INTRODUCTION

　　Defendant California Public Utilities Commission (" CPUC" or " defendant") has filed a motion to dismiss.  Plaintiffs CAlifornians for Renewable Energy and Stephan C. Volker (collectively " CARE" or " plaintiffs") have filed a First Amended Complaint in response to the arguments contained in defendant' s motion.  The amendments directly address defendant' s arguments.  Therefore, in the interest of judicial economy plaintiffs ask this Court to remove defendant' s motion to dismiss

from the Court's calendar as moot and vacate the hearing currently calendared thereon for August 13, 2008 at 9:30 a.m.

**ARGUMENT**

Plaintiffs filed their First Amended Complaint in accordance with Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, which provides that "[a] party may amend its pleading once as a matter of course [] before being served with a responsive pleading." FRCP 15(a)(1)(A). The Ninth Circuit Court of Appeals has repeatedly held that "[a] motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15," and thus plaintiffs need not seek leave of Court to amend prior to the filing of an answer. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1130 (9th Cir. 2000), citing *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 216 F.3d 764, 788 (9th Cir. 2000); *Miles v. Department of Army,* 881 F.2d 777, 781 (9th Cir. 1989) (providing for an amendment to the complaint to add the Secretary of the Army as a defendant after the filing of a motion to dismiss). Thus, plaintiffs amended the complaint "as a matter of course." FRCP15(a)(1)(A).

According to black letter law, plaintiffs' First Amended Complaint "supersedes the original" complaint, and thereafter the original complaint is "treated [] as non-existent." *Bullen v. De Bretteville,* 239 F.2d 824, 833 (9th Cir. 1956), citing 71 C.J.S., Pleading, 321; *Armstrong v. Davis,* 275 F.3d 849, 878 (9th Cir. 2001) ("[A]n amended pleading supersedes the original"). Because defendant's motion addresses the allegations contained in the original complaint, which is now "non-existent," it is moot and should not be considered by the Court. *See, e.g.*, The Rutter Group, *California Practice Guide: Federal Civil Procedure Before Trial*, section 9:262, p. 9-87 (2008).

Furthermore, the First Amended Complaint addresses all of the arguments for dismissal in defendant's motion. First, plaintiffs have added all of the Commissioners that made the decisions at stake in this litigation as defendants. This amendment addresses the sovereign immunity defense raised in defendant's motion.

Second, plaintiffs elaborate on the Commission's lack of adequate notice to plaintiffs as the gravamen of their claims for relief. Defendant's Johnson Act defense, which requires proof that the Commission's challenged orders were adequately noticed (28 U.S.C. § 1342(3))), therefore must await adjudication until the merits stage of this case. Moreover where, as here, arguments in a motion to dismiss are inextricably bound to the merits of the case, the Court should defer adjudication of the matter until the merits stage of the proceeding. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Because the notice issue in defendant's Johnson Act argument and the notice issues raised in plaintiffs' complaint are inextricably bound together, this Court should not address the issue until it is briefed based on the superseding allegations of the First Amended Complaint. *Id*.

Third, defendant's claims of res judicata and collateral estoppel are likewise moot. Plaintiffs have amended the complaint to negate these claims, explaining that their state court case related only to statutory interpretation of state laws, not to constitutional issues, and that their state case did not adjudicate plaintiffs' constitutional rights. These amendments undercut defendants' res judicata and collateral estoppel arguments.

## **CONCLUSION**

For these reasons, the First Amended Complaint addresses all of the defenses raised by defendant. Accordingly, on July 16, 2008, plaintiffs' counsel asked defendant to withdraw its motion in light of the amended complaint. *See*, attached Declaration of Counsel. Defendant has not yet responded. *Id.*

As contemplated in the Federal Rules of Civil Procedure, defendant normally would be required to respond to plaintiffs' amended complaint " within 10 days after the service of the amended pleading." FRCP 15(a)(3). However, because plaintiffs have joined new defendants to the case, including five sitting Commissioners (and one prior Commissioner) on the defendant Commission, plaintiffs offer to stipulate with

defendant to allow defendant(s) more time to file an joint answer or amended motion to dismiss.

Dated:  July 16, 2008				Respectfully submitted,

						LAW OFFICES OF STEPHAN C. VOLKER

						By:   /s/ Stephan C. Volker
						        STEPHAN C. VOLKER
						        Attorneys for Plaintiffs

**SUPPORTING DECLARATION OF COUNSEL**

I, STEPHAN C. VOLKER, hereby declare as follows:

1. I am counsel for plaintiffs and have personal knowledge of the following matters.

2. I emailed and telephoned counsel for the California Public Utilities Commission, Darwin Farrar, on July 16, 2008 to ask him to discuss the withdrawal as moot of defendant's motion to dismiss.

3. Mr. Farrar was not in when I called, so I left him a message to call me to discuss how he wished to proceed. As of the filing of this Request, I have not heard back from Mr. Farrar.

I declare under penalty of perjury that the foregoing is true and correct of my personal knowledge, and that this declaration was executed in Oakland, California on July 16, 2008.

					 /s/ Stephan C. Volker
					STEPHAN C. VOLKER